IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE MANUEL CARDONA, | § | |
| TDCJ #1175490, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2692 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Joe Manuel Cardona (TDCJ #1175490, former TDCJ #658266, #508976), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Cardona petitions for a writ of habeas corpus to challenge a state court conviction under 28 U.S.C. § 2254. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.    BACKGROUND

Cardona reports that, on May 9, 2003, he was convicted by a jury in the 339th District Court of Harris County, Texas, of aggravated robbery in cause number 908020. Cardona received a 35-year prison sentence in that case. The conviction was affirmed on appeal. *See Cardona v. State*, No. 14-03-00607-CR (Tex. App. — Houston [14th Dist.]

June 29, 2004).   The Texas Court of Criminal Appeals refused his petition for discretionary review on January 12, 2005.  Cardona remains in custody at the Jester III Unit.

In a petition dated July 23, 2010, Cardona seeks a federal writ of habeas corpus to challenge his state conviction further.  Cardona contends that he is entitled to habeas corpus relief under 28 U.S.C. § 2254 because his conviction was based on witnesses' "mistaken identification," which was tainted by "impermissibly suggestive pretrial procedures."  Thus, Cardona insists that he is "actually innocent."  In addition, Cardona claims that his trial counsel was ineffective because he failed to interview the state's "chief witness."

Cardona's conviction became final upon the completion of his direct appeal in 2005. Therefore, his pending petition appears barred by the governing statute of limitations.  *See* 28 U.S.C. § 2244(d)(1)(A). More importantly, Cardona concedes that this is not the first habeas corpus proceeding that he has filed to challenge his conviction for aggravated robbery.  Court records confirm that, in *Cardona v. Quarterman*, Civil No. H-06-1718 (S.D. Tex.), raised similar allegations of ineffective assistance and impermissibly suggestive pretrial procedures along with a *Brady* claim.  The district court granted the respondent's motion for summary judgment and dismissed the petition with prejudice on February 6, 2007.   The Fifth Circuit denied Cardona's request for a certificate of appealability. *See Cardona v. Quarterman*, No. 07-20293 (5th Cir. Feb. 12,

2008).   Because his prior habeas proceeding was dismissed with prejudice, Cardona's pending petition is subject to dismissal for reasons discussed briefly below.

## II.   **DISCUSSION**

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999).   In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.   28 U.S.C. § 2244(b)(3)(A).   If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).   Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). It appears that Cardona has repeated allegations made in his first habeas proceeding.   The

claims in this case could have and should have been raised previously.  Therefore, in this Court's view, the pending petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*.  *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997).  Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application.  *See* 28 U.S.C. § 2244(b)(3)(A).  "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit."  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).  The petitioner has not presented the requisite authorization.  Absent such authorization, this Court lacks jurisdiction over the petition.  *Id.* at 775.  Accordingly, the petition must be dismissed as an unauthorized successive writ.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed.  *See* 28 U.S.C. § 2253;  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the

court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has stated a valid claim. Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Because the pending federal habeas corpus petition is successive and lacking in authorization, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

2. This habeas corpus proceeding is **DISMISSED** without prejudice for lack of jurisdiction.

3. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas this 10th day of August, 2010.

Kenneth M. Hoyt
United States District Judge

5